## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARK ANGELO BUFORD,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-01358** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Before the court is Mark Buford's Motion to Vacate, Set Aside or Correct Sentence in Accordance with 28 U.S.C. § 2255. (Doc. No. 1.) In it, the movant seeks to vacate the sentence entered upon his 2006 criminal conviction in *United States v. Buford*, No. 3:05-cr- 00015 (M.D. Tenn. March 4, 2008) (Judgment, Doc. No. 132),[1] under *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. No. 1.) For the reasons set forth herein, the motion will be denied.

## I.       PROCEDURAL BACKGROUND

In June 2006, Buford entered into a written Petition to Enter Plea of Guilty and Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Crim. Doc. No. 130.) Pursuant to the terms of the Plea Agreement, Buford pleaded guilty to (1) being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and (2) tampering with a witness, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. He acknowledged that he qualified for sentencing under the ACCA, and the parties agreed to a

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

sentence of 180 months, the bottom of the guideline range and the statutory minimum. The predicate felonies that resulted in the movant's qualifying as an Armed Career Criminal under the ACCA were identified in the Plea Agreement as including convictions under Tennessee law for Felony Escape and Attempted Robbery and convictions under New York law for Robbery in the Second Degree and Robbery in the Third Degree. (Crim. Doc. No. 130, at 11, 16.)[2] Following the court's acceptance of his plea in September 2006, Burford was sentenced on September 21, 2006 to 180 months on Count One and 180 months on Count Two, to run concurrently. Judgment was entered on September 22, 2006. (Crim. Doc. No. 132.)[3]

Buford did not pursue a direct appeal of his conviction or sentence. However, through counsel, he filed his § 2255 motion to vacate on June 13, 2016. (Doc. No. 1.) The Government filed a Response (Doc. No. 11), and Buford filed a Reply (Doc. No. 12).

## II.    LEGAL FRAMEWORK

### A.    28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[2] As part of the Plea Agreement, Buford expressly waived any right to appeal his sentence or to bring a collateral challenge to his sentence under 28 U.S.C. § 2255, except on the grounds of involuntariness, ineffective assistance of counsel or prosecutorial misconduct. (Crim. Doc. No. 130 at 20.) The government, however, has not raised waiver as an affirmative defense.

[3] Buford has now served his prison sentence in its entirety, but his claim is not moot, as his term of supervised release would be reduced if this motion were successful. (*See* Notice, Doc. No. 13.)

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Because the motion will be resolved on purely legal grounds, the court finds it unnecessary to hold an evidentiary hearing.

### B.   The ACCA and *Johnson II*

Buford pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a previously convicted felon to possess any firearm or ammunition that has been transported in interstate commerce. The ACCA, 18 U.S.C. § 924(e), mandates a minimum sentence of fifteen years for any person convicted under § 922(g)(1) who has "three previous convictions . . . for a violent felony or a serious drug offense." The predicate offenses at issue here clearly do not constitute drug offenses. The question is whether they qualify as violent felonies.

Section 924(e)(2)(B) defines "violent felony" as—

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The first prong of that definition, § 924(e)(2)(B)(i), is known as the "use-of-force" clause or

"elements" clause. *Davis v. United States,* 900 F.3d 733, 735 (6th Cir. 2018), *cert. denied*, No. 18-6706, 2019 WL 1318598 (Mar. 25, 2019). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated-offense clause," and the second part ("conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause." *Id.* In *Johnson II*, the Supreme Court held that the "residual clause" is unconstitutionally vague. 135 S. Ct. at 2563. [4]

The other parts of the ACCA, however, remain valid and enforceable, though the courts continue to struggle with the definitions contained there as well. Regarding the use-of-force clause, the Supreme Court has explained that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") (emphasis in original); *see also Stokeling v. United States*, 139 S. Ct. 544, 554 (2019) (explaining that "*Johnson [I]* . . . does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality").

Courts apply a "categorical approach" to determine whether a prior conviction qualifies as a "violent felony." *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). That means that the courts "look to the statutory definition of the state offense rather than the underlying facts of the conviction. *Id.* (citing *James v. United State*s, 550 U.S. 192, 202 (2007)). "This approach avoid[s] the practical difficulties and potential unfairness of permitting a sentencing court to relitigate facts and delve into the details of a prior conviction." *Id.* (internal

---

[4] *Johnson II* was issued in June 2015. In December 2015, the Sixth Circuit held that the case had announced a new rule of constitutional law that was retroactively applicable on collateral review. *In re Watkins*, 810 F.3d 375, 379–80 (6th Cir. 2015). In March 2016, the Supreme Court expressly agreed. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

quotation marks and citation omitted). If the state law offense categorically requires the elements listed in § 924(e)(2)(B)(i), it may serve as a predicate "violent felony." *See id.* at 1059 (analyzing Tennessee law's definition of "robbery" to find that it categorically involved the "use, attempted use, or threatened use of physical force" under the ACCA).

## III.    ANALYSIS

Buford argues that, under *Johnson II*, at least two of his four predicate offenses—the Tennessee conviction for escape and the New York conviction for third-degree robbery—only qualified as violent felonies under the now-invalidated residual clause and, therefore, that he was improperly sentenced under the ACCA. His initial motion does not contest the characterization of either his Tennessee attempted robbery conviction or his New York second-degree robbery conviction as predicate violent felonies.

In its Response, the government concedes that the Tennessee escape conviction no longer qualifies as a predicate violent felony under the ACCA. (Doc. No. 11, at 6.) It argues, however, that the New York convictions for second- and third-degree robbery both still qualify as violent felonies under the use-of-force clause. (*Id.* at 7.) In his Reply, Buford maintains that, under recent developments in New York law, neither his second-degree robbery nor third-degree robbery conviction is a qualifying predicate offense under the ACCA.

Under even more recent authority than that cited by Buford, he is incorrect.

### A.    Third-Degree Robbery

Based on the Supreme Court's holding in *Stokeling*, 139 S. Ct. at 550, that the use-of-force clause of the ACCA "encompasses robbery offenses that require the criminal to overcome the victim's resistance," and applying the categorical approach to the applicable New York statute, the Second Circuit recently concluded that the New York offense of third-degree robbery categorically qualifies under the ACCA as a violent felony:

The New York offense of robbery in the third degree occurs when a person "forcibly steals property." N.Y. Penal Law § 160.05. Forcible stealing—common to every degree of robbery in New York State—is defined as:

> when, in the course of committing a larceny, [a person] uses or threatens the immediate use of physical force upon another person for the purpose of: 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

> *Id.* § 160.00.

By its plain language, the New York robbery statute matches the ACCA definition of a "violent felony." Predicate offenses under ACCA include those that have as an element "the use . . . or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). New York requires the "use[] or threaten[ed] . . . immediate use of physical force." Additionally, the New York robbery statute, like ACCA's force clause, is modeled on the common law definition of robbery. As the Supreme Court recently explained in *Stokeling*, "the term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery," defined as "the amount of force necessary to overcome a victim's resistance." *Stokeling*, 139 S. Ct. at 555. Like the Florida robbery statute at issue in *Stokeling*, the New York robbery statute uses the term "physical force." The New York Court of Appeals has explained that "if a statute uses a word which has a definite and well-known meaning at common law, it will be construed with the aid of common-law definitions, unless it clearly appears that it was not so intended." Far from evincing a clear intent to stray from the common law understanding of robbery, the robbery statute explicitly incorporates the common law definition by explaining that "physical force" means enough force to "[p]revent[] or overcom[e] resistance to the taking . . . or . . . [to c]ompel[] the owner . . . to deliver up the property." N.Y. Penal Law § 160.00.

*United States v. Thrower*, 914 F.3d 770, 775 (2d Cir. 2019) (footnote and some internal citations omitted).

While neither this court nor the Sixth Circuit is bound by a Second Circuit opinion, this court nonetheless finds the Second Circuit's discussion of the issue to be persuasive and entirely consistent with the Supreme Court's analysis in *Stokeling*.[5] In sum, it is clear that New York

---

[5] It need hardly be said that, since the state of New York is within the Second Circuit, that circuit's interpretation of New York law should weigh heavily.

third-degree robbery qualifies as a predicate violent offense under the use-of-force clause of the ACCA.

### B.    Second-Degree Robbery

As noted in *Thrower*, any robbery of any degree under New York law requires a "forcible stealing," as defined in § 160.00 of the state's Penal Code, quoted above. *Thrower*, 914 F.3d at 775; *see also Perez v. United State*s, 885 F.3d 984, 988 (6th Cir. 2018) (noting that forcible stealing is "an element common to New York robbery of all degrees"), *cert. denied*, 139 S. Ct. 1259 (2019). Second-degree robbery under New York law occurs when a person "forcibly steals property," as defined by § 160.00, and (1) "[h]e is aided by another person actually present," or (2) "[i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime" causes physical injury to a third person or displays a firearm; or (3) the property stolen consists of a motor vehicle." N.Y. Penal Law § 160.10.

Based on the statutory language, even prior to *Stokeling* and *Thrower*, the Sixth Circuit held that second-degree robbery under New York law qualified as a violent felony. *See Perez*, 885 F.3d at 988 ("As a matter of statutory text, the elements requirement of ACCA and the elements of the New York offense line up perfectly."). Even more recently, the Second Circuit has held that attempted second-degree robbery under New York law qualifies as a crime of violence for purposes of § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G"). *United States v. Johnson*, No. 16-1832-cr, 2019 WL 1276462 (2d Cir. March 19, 2019) (*Johnson III*"). Applying the categorical approach, the court determined that second-degree robbery qualified as a crime of violence for essentially the same reason that the court in *Thrower* found third-degree robbery to be a violent offense: "The New York robbery statute's definition of 'forcible stealing' requires sufficient force to overcome the victim's resistance, which both [the Second Circuit] and the Supreme Court have deemed sufficient." *Johnson III*, 2019 WL

1276462, at *2 (citing *Stokeling*, 139 S. Ct. at 548 ("[T]he force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson* [*I*] . . . .")).

Based on the statutory definition, the Supreme Court's holding in *Stokeling*, and precedent from both the Sixth Circuit and the Second Circuit, it is clear that any degree of robbery, including robbery in the second degree, under New York law qualifies as a predicate offense for purposes of the ACCA.

## III.    CONCLUSION

Even after the disqualification of his escape conviction as a qualifying offense, Buford still has three predicate violent offenses under the ACCA: attempted robbery under Tennessee law, second-degree robbery under New York law, and third-degree robbery under New York law. Buford's Motion to Vacate will therefore be denied without a hearing.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court finds that Buford's claims do not warrant further attention, the court will deny a COA.

An appropriate Order is filed herewith.

ENTER this 16th day of April 2019.

ALETA A. TRAUGER
United States District Judge